# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

QIANG GUO MAI, *et al.*,

    Plaintiffs,

v.

WELLS FARGO HOME LOANS SERVICING, LP, *et al.*,

    Defendants.

Case No. 2:11-CV-01530-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiffs' Motion to Amend (#24). Defendants filed a response in opposition (#24). Also before the Court is Plaintiffs' Motion to Set Aside Fraudulent Property Sale, Stay of Fraudulent Eviction, Sanctions, Injunction and Request to Extend Discovery (#37). Defendants filed a response in opposition (#39). Also before the Court are Plaintiffs' Motion for Leave to Reply (#15) and Defendants' Motion to Strike Plaintiffs' Improper Sur-reply (#18). Those motions are denied as moot.

    Plaintiffs filed their motion to amend on the last day allowed by the Discovery Plan and Scheduling Order (#21). Generally, courts should grant leave to amend freely. Currently pending is Defendants' Motion to Dismiss (#4). Plaintiffs' Proposed Amended Complaint reduces the number of claims from eleven to four. Essentially, Plaintiffs voluntarily dismiss seven claims to focus on the

four claims they feel most relevant.  The amended complaint with four remaining claims assert no additional relevant facts.  However, in the interest of judicial economy, the Court grants the motion to amend in accordance with Federal Rule of Civil Procedure 15.  Since the filing of Defendants' motion to dismiss, discovery has been completed and a motion for summary judgment covering the exact same claims have been filed.  Therefore, the Court will deny the motion to dismiss as moot.  However, the Court will consider the legal arguments made in the motion to dismiss when ruling upon the motion for summary judgment.  Being able to consider undisputed issues of fact in resolving the motions for summary judgment will allow the Court to more comprehensively determine whether any claims should be resolved by a trier of fact.  Furthermore, since the amended complaint only drops claims and does not add claims no additional discovery will be needed.

Next, Plaintiffs' Motion to Set Aside Fraudulent Property Sale, Stay of Fraudulent Eviction, Sanctions, Injunction and Request to Extend Discovery must be denied.  Having read and considered the motion to dismiss and Plaintiffs' response, Plaintiffs have not shown a likelihood of success on the merits that would justify setting aside the trustee's sale, interfering with on-going state court proceedings by staying eviction proceedings, granting injunctive relief, sanctioning Defendants, or extending discovery.  Plaintiffs correctly assert that a party must have the legal right to foreclose, but have not shown that Defendants acted contrary to their authority.  However, the parties should still comply with the magistrate judge's Order (#42).

Finally, on April 18, 2012, Plaintiffs filed an unauthorized amended complaint (#43).  Since the amended complaint does not comply with Rule 15(a), the Court orders the Clerk of the Court to Strike Docket Number 43.  The operative complaint shall be Plaintiffs' Proposed Amended Complaint (#24-1) attached to Plaintiffs' motion to amend which the Court has granted.  The Clerk shall detach the Proposed Amended Complaint (#24-1) and file it.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court **STRIKE** Docket No. 43;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend (#24) is **GRANTED**;

1     IT IS FURTHER ORDERED that the Clerk of the Court detach the Proposed Amended
2 Complaint (#24-1) and file it as the operative complaint;
3     IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#4) is **DENIED as moot**;
4     IT IS FURTHER ORDERED that the Motions (#15,18) are **DENIED as moot**;
5     IT IS FURTHER ORDERED that Plaintiffs' Motion to Set Aside Fraudulent Property Sale,
6 Stay of Fraudulent Eviction, Sanctions, Injunction and Request to Extend Discovery (#37) is
7 **DENIED**.
8     DATED this 24th day of April 2012.

_____
Kent J. Dawson
United States District Judge