# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| QIANG GUO MAI, *et al.*, | |
| Plaintiffs, | Case No. 2:11-CV-01530-KJD-PAL |
| v. | **ORDER** |
| WELLS FARGO HOME LOAN SERVICING, LP, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendants' Motion for Summary Judgment (#46). Plaintiffs filed a response in opposition (#50) and Counter-motion to Amend (#51). Defendants filed a response in opposition (#51) to the counter-motion to amend and reply (#56) in support of their motion for summary judgment. Plaintiffs filed a reply (#57) in support of the counter-motion to amend.

I.  Facts

On September 1, 2005, Plaintiffs obtained a loan from Provident Funding Associates ("Provident') to finance the purchase of real property located at 817 Royal Plum Lane, Las Vegas, NV 89144 ("the Property"). In connection with the loan, Plaintiffs executed a promissory note ("the Note") which was secured by a Deed of Trust which identified Provident as the Lender, and

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for the Lender. On July 6, 2011, MERS, acting as nominee for Provident, transferred all beneficial interest in the Loan to Wells Fargo via an assignment. Wells Fargo later assigned its interest to Federal National Mortgage Association ("Fannie Mae") on December 28, 2011.

No later than March 1, 2011, Plaintiffs had defaulted on the loan by failing to make monthly loan payments in accordance with the Note and Deed of Trust. On July 14, 2011, Wells Fargo substituted Quality Loan Service Corporation ("Quality") as Trustee. A copy of the Notice of Default and an Election/Waiver of Mediation Form were sent to Plaintiffs on August 5, 2011. Instead of requesting mediation, Plaintiffs filed the present action on August 16, 2011 seeking relief for alleged wrongdoing in the loan negotiations and the origination of the loan. However, Plaintiffs failed to name Provident or the loan broker, First US Mortgage, as defendants.

Plaintiffs did not cure the default and Quality recorded a Notice of Trustee's Sale on November 7, 2011. Eventually, after having been orally postponed, the sale took place on February 16, 2012.

On December 22, 2011, Plaintiffs filed a motion for leave to amend which was granted by the Court after the present motion for summary judgment was filed. The amended complaint reduced the number of claims from eleven to four. The only remaining claims are for: (1) violations of the Nevada Unfair Lending Practices Act, Nev. Rev. Stat. § 598D; (2) violations of the Nevada Deceptive Trade Practices Act; (3) conversion; and (4) violation of the Fair Housing Act ("FHA"). Subsequent to the motion for summary judgment being filed and to the Court's order granting their previous motion to amend, Plaintiffs filed a counter-motion to amend seeking to add Provident and First US Mortgage as defendants. The deadline to seek leave to file an amended complaint expired on December 22, 2011.

II.  Counter-motion to Amend

Generally speaking a party may amend their pleadings "as a matter of course" before a responsive pleading has been served. Fed. R. Civ. Pr. 15(a). After that, a party may amend their

pleadings "only by leave of the court...[which] leave shall be freely given when justice so requires." Id. In such instances, the Court would balance the strong policy towards permitting amendment versus "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." See Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir. 1991)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

However, where the Court has filed a pretrial scheduling order that has established a timetable or deadline for amending the pleadings, the Court will consider proposed amendments under Federal Rule of Civil Procedure 16(b). That rule requires that the schedule for amending pleadings not be modified without a showing of good cause for failure to amend within the time specified in the scheduling order. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This standard "primarily considers the diligence of the party seeking the amendment." See Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 608 (9th Cir. 1992). A Scheduling Order (#21) was issued in this case that set December 22, 2011 as the deadline for amending the pleadings. Therefore, the Court will review the Plaintiffs' motion to amend under Rule 16's good cause standard, because the motion was filed well past the deadline set in the discovery scheduling order.

Here, even considering Plaintiffs' *pro se* status, Plaintiffs have failed to show good cause for failing to amend within the specified time. Particularly in this instance, Plaintiffs seek to add parties which have been known to them since the origination of the loan in 2005. Therefore, the Court finds that Plaintiffs have not shown good cause for failing to move to amend within the time prescribed in the scheduling order. Plaintiffs have failed to act with diligence. Furthermore, even if the Court were to find good cause, Plaintiffs have unduly delayed in seeking to add these parties and doing so now, after the close of discovery, prejudices Defendants. Therefore, Plaintiffs' counter-motion to amend is denied.

III.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

4

bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

IV.  Analysis

Defendants now seek summary judgment on Plaintiffs' claims.

A.  Violations of Unfair Lending Practices

Claims arising under Nev. Rev. Stat. 598D.100, et. seq. ("598D"), have a two year statute of limitations.  See Nev. Rev. Stat. 11.190(4)(b)(violations of a statute not containing its own limitations period have a two year statute of limitations).  Thus, Plaintiffs' claim that Defendants did not use a commercially reasonable means to determine whether Plaintiffs had the ability to repay the loan is time-barred and dismissed, because Plaintiffs' claim arose in 2005 and Plaintiffs' complaint was not filed until 2011.  Further, any claim arising under 598D based on Plaintiffs' lack of English skills or promises made about refinancing are similarly time-barred.

Even if the claim was not time-barred, the Court would still dismiss the claim, because the pre-2007 version of Nev. Rev. Stat. 598D does not apply to the loan at issue here.  It only applies to home loans subject to HOEPA, which did not apply to the September 1, 2005 loan.  The amended 2007 version became effective October 1, 2007.  There is no express language or clear statutory intent to make the amendments retroactive.  See Velasquez v. HSBC Mortg. Servs., 2009 WL 2338852, *3-4 (D. Nev. 2009).

B. Violations of the Deceptive Trade Practices Act

Similarly, Plaintiffs' claims for violations of the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0915, have a limitations period of three years.  See Nev. Rev. Stat. § 11.190(3)(d). Plaintiffs' claims arose no later than September 1, 2005.  Since Plaintiffs' amended complaint was filed on August 16, 2011, the Deceptive Trade Practices Act claims are time-barred and dismissed.

It appears that Plaintiffs label a claim as a Deceptive Trade Practices Act Claim, but it alleges that Plaintiffs were not provided with the correct Notice on Servicing, a requirement under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.  Claims for failure to disclose the

correct Notice on Servicing, disclosing that the loan may be assigned, sold, or transferred, expire within three years of the violation.  12 U.S.C. § 2614.  Therefore, Plaintiffs' claims under RESPA expired no later than September 1, 2008.  Therefore, Plaintiffs' claims under RESPA are time-barred and dismissed.

### C.  Conversion

In Nevada, conversion is "a distinct act of dominion wrongfully exerted over another's personal property [.]" Wantz v. Redfield, 326 P.2d 413, 414 (Nev. 1958).  Plaintiffs have only alleged that they were wrongfully deprived of their real property.  Conversion cannot be asserted with respect to real property.  See, e.g., Goodwin v. Exec. Trustee Servs., 680 F.Supp.2d 1244, 1255 (D. Nev. 2010).  Therefore, the Court grants Defendants' motion for summary judgment on Plaintiffs' claim for conversion.

### D.  Fair Housing Act

A private right of action under the FHA is subject to a two-year statute of limitation.  See 42 U.S.C. § 3613(a)(1)(A).  Here, Plaintiffs allege that they were targeted to enter into the loan based upon their national origin and race.  These claims arose at the time of the loan transaction.  Therefore, Plaintiffs had until September 2007 to file their action, but did not do so until August 2011.  Therefore, the Court grants summary judgment on this claim.

Furthermore, Plaintiffs have not produced any evidence that any Defendant violated the FHA.  Plaintiffs must produce admissible evidence that: (1) they were members of a protected class; (2) they qualified for a loan; (3) Defendants gave them grossly unfavorable loan terms; or that (4) Defendants continued to give more favorable terms to applicants with similar qualifications.  See Gamble v. City of Escondido, 104 F.3d 300, 305 (9th Cir. 1997); Ring v. First Interstate Mortg., Inc., 984 F.3d 924, 926 (8th Cir. 1993).  Here, Plaintiffs have not produced admissible evidence that any of the named Defendants were involved in the loan brokering, application or funding process.  Therefore, even if the claim was not barred by the statute of limitations, the Court would grant summary judgment to Defendants.

6

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Counter-motion to Amend (#51) is **DENIED**;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (#46) is **GRANTED**;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiffs.

DATED this 25th day of January 2013.

_____
Kent J. Dawson
United States District Judge